IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SUNG BUM CHANG, #3343-177**, | § | |
| | § | |
| Movant/Defendant, | § | |
| v. | § | Civil Action No. **3:08-CV-1963-L** |
| | § | No. 3:05-CR-0127-L (01) |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent/Plaintiff. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, filed December 30, 2009 (the "Report"). After extending his deadline to file objections, Movant Sung Bum Chang ("Movant" or "Chang") timely filed objections on April 22, 2010.

Movant filed a motion pursuant to 28 U.S.C. § 2255 to correct, vacate, or set aside his sentence. Movant raises three grounds in his motion: (1) that his guilty plea was involuntary and made without understanding the consequences of the plea; (2) that his trial counsel provided ineffective assistance; and (3) that his appellate counsel provided ineffective assistance. The magistrate judge appointed counsel and held an evidentiary hearing on November 4, 2009. The magistrate judge made specific findings and recommends denying Chang's motion in its entirety.

Chang raises eleven specific objections to the magistrate judge's findings, and also argues generally that he was clearly promised a five-year sentence, that his habeas counsel rendered ineffective counsel, and that his trial counsel failed to adequately review the plea agreement and factual resume with him. The court will consider each of Movant's objections in turn.

**Memorandum Opinion and Order – Page 1**

Chang's first objection is to a statement in the Report that interpreter Grace Carter testified that she never heard counsel promise him that he would receive a five-year sentence. He contends that she testified that counsel confirmed that he would only get a five-year sentence. The court **overrules** this objection. Carter testified at the evidentiary hearing that counsel told Chang that he might get as many at ten years, and she recalled discussions of sentences of both five and ten years discussed at meetings she attended.

Chang next objects to a statement in the Report that his brother, Sung Ho Chang, testified that he signed an affidavit that he did not read. Chang points to other testimony by his brother in which he stated that he did read the affidavit and then signed it. The court **overrules** this objection. Chang clearly stated that he signed the affidavit without reading it, but he later stated that he read it before signing it.

Chang's third objection is to the magistrate judge's conclusion that the evidence does not support his contention that his plea was involuntary. He contends that this conclusion is contrary to the weight of the evidence. The court **overrules** this objection as conclusory and will address his specific objections below.

Movant next objects to a statement that Carter is a "neutral third-party witness," and contends that she might be responsible for his belief that he would only receive a five-year sentence due to her misinterpretation during his meetings with counsel. The court **overrules** this objection. The magistrate judge heard Carter's testimony and weighed her credibility, and there is no evidence to reject the magistrate judge's assessment of her.

Chang's fifth objection is to the magistrate judge's finding that there was a difference between the English and Korean versions of the affidavit signed by Carter. He contends that both

**Memorandum Opinion and Order – Page 2**

affidavits state that he was promised a five-year sentence by his counsel. He further than any discrepancies undermine her abilities as an interpreter at the plea discussion meeting. The court **overrules** this objection. Carter explained these discrepancies in her testimony based upon the different meaning of certain words in English and Korean.

Movant next objects to the magistrate judge's failure to find that his counsel never performed a verbatim translation of the plea agreement or factual resume. He states that Carter explicitly testified that she had never been asked to translate the plea agreement. The court **overrules** this objection. Movant's counsel, Bruce Anton, testified that he used several different translators over the course of several meetings with Chang and that, while he never had a full translation of some documents made, he thoroughly discussed these documents with Movant and made changes based on their discussions. Anton's testimony, which the magistrate judge found credible, clearly demonstrates that these documents were discussed with Movant with an interpreter available.

Chang's seventh objection is to the finding that his testimony that he did not understand what was said to him at the rearraignment hearing was not credible. He contends that this is contrary to the weight of the evidence. The court **overrules** this objection. The magistrate judge made credibility determinations after hearing all the evidence, and the court has carefully reviewed the transcript of the evidentiary hearing. The court will not second-guess her credibility determination. Moreover, there was other evidence to support her finding that Chang spoke some English, that he did not blindly answer "yes" to each of the court's questions during his plea colloquy, that he answered in full sentences, and that he asked questions of the court for clarification.

Movant's next objection is to the finding that the evidence was insufficient to overcome the presumption of regularity accorded to the plea agreement. He contends that there was not an

**Memorandum Opinion and Order – Page 3**

adequate translation of the plea agreement and that his counsel promised him a five-year sentence. He also cites *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). The court **overrules** this objection. The court has already determined that there was evidence that his counsel discussed higher sentences with Chang and that counsel thoroughly discussed the plea agreement with him. *Cervantes*, which simply holds that "a guilty plea may be invalid if induced by defense counsel's unkept promises," *id*., does not support his objection. There is no evidence of unkept promises in this case.

Chang's ninth and tenth objections restate his earlier objections. He objects to the finding that his guilty plea was voluntary and that his motion should be denied with prejudice. For the reasons stated herein, the court **overrules** these objections.

His eleventh objection is to the magistrate judge's failure to independently assess the accuracy of the Korean affidavit signed by Carter. The court **overrules** this objection. Chang has presented no contrary evidence, the magistrate judge considered other evidence in reaching her conclusion, and Carter testified as to any discrepancies between the affidavits.

In the next section of his objections, Chang argues that he "was clearly promised a sentence of 5-years, though the source of promise is no longer clear." Movant's Objections 5. He argues that a word-for-word translation of the plea agreement was required, that Carter lacked special training as an interpreter, that she testified that she was surprised at his sentence, and that Carter signed an affidavit that conflicted with her testimony. The court has carefully reviewed the transcript from the evidentiary hearing. Carter's testimony was unequivocal that Movant's counsel discussed sentences other than five years with him. Even if there are discrepancies between her affidavit and her testimony, Movant ignores the other testimony presented at the hearing. Anton testified that he

**Memorandum Opinion and Order – Page 4**

met with Chang between seven and nine times to discuss a possible plea agreement and in preparation for his sentencing hearing. He testified that he used several interpreters, not just Carter. He testified that he never promised or guaranteed Chang a five-year sentence, and that it was not possible that Chang could have believed that he was guaranteed such a sentence in light of the many lengthy meetings they held. Even if the plea agreement itself was not translated, there was an interpreter at the rearraignment during which Chang pleaded guilty. Movant answered questions, asked questions seeking clarification, and was apprised of his rights by the court. Taking all of this evidence into consideration, the court **overrules** this objection.

Chang next raises an objection to his counsel, John Haughton, during the evidentiary hearing. Movant contends that he failed to impeach Carter with her English affidavit and to present unequivocal evidence demonstrating that he was mislead in pleading guilty. Movant requests another evidentiary hearing. The court **overrules** this objection. Carter was specifically questioned about the English and Korean affidavits, and she explained any inconsistency between the two. Moreover, the other evidence in the record supports the magistrate judge's findings and recommendation.

Finally, Chang argues that Anton failed to adequately review the plea agreement and factual resume with him. The court **overrules** this objection for the reasons set forth above.

The court has reviewed the magistrate judge's Report, the record, the transcript of the evidentiary hearing, and the applicable law, and determines that the findings are correct. They are therefore **accepted** as those of the court. The court therefore **denies with prejudice** Chang's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**It is so ordered** this 27th day of April, 2010.

Sam A. Lindsay
United States District Judge